**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ARTHUR AARNE,

                       Plaintiff,                       **MEMORANDUM**
                                                    **AND ORDER**

              - against -                        CV 06-0042 (BMC) (JO)

GES EXPOSITION SERVICES, INC., et al.,

                       Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On March 28, 2007, plaintiff Arthur Aarne ("Aarne") moved to amend his complaint and add two new defendants: CMP Princeton, Inc. ("CMP"), and Health and Beauty Association, LLC. Docket Entry ("DE") 54. The same day, two named defendants – Armonies et Perspectives, and Fiabila – sought leave to file a third-party complaint against the same proposed parties. DE 53; DE 55. At a conference held a few weeks before these applications were filed, I had extended the deadline for seeking to amend the pleadings or join a new party to April 1, 2006. DE 52. Accordingly, shortly after the applications were filed, I granted them. Order dated March 29, 2007. Eleven days later, on April 9, 2007, defendant GES Exposition Services, Inc. ("GES") filed a letter asking me to reconsider the portion of my order that granted Aarne's request for leave to amend and add CMP as a defendant. DE 60. For the following reasons, I deny the motion for reconsideration; moreover, because the effect of the addition of CMP as a defendant is to destroy the basis for this court's diversity jurisdiction, I further order that this case be remanded to the Supreme Court of New York, Richmond County, from which it was originally removed.

As a preliminary matter, I note that there are two separate bases on which I could summarily deny the application for reconsideration. First, the local rules of this court permit a party to move for reconsideration of a court order within ten days of the entry of the court's decision. Loc. Civ. R. 6.3. GES's motion was therefore untimely. Second, a motion for reconsideration filed under Local Civil Rule 6.3 is governed by the same standard as a motion under Federal Rule of Civil Procedure ("Rule") 59(e). *Rohlehr v. Brookdale Univ. Hosp. & Med. Ctr.*, 2007 WL 210427, at *2 n.4 (E.D.N.Y. Jan. 26, 2007). Accordingly, GES must "point to controlling decisions or data ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). GES neither acknowledges nor attempts to satisfy that requirement in its letter-motion. Nevertheless, under the circumstances, I have considered GES's application as if it were simply an argument opposing Aarne's motion to amend rather than under the more exacting standards applicable to a motion for reconsideration. I granted Aarne's motion the day after it was filed, on the assumption that it appeared to state a claim for relief against CMP and because it had been filed before the applicable deadline. As a result, GES did not have sufficient opportunity to raise the arguments now before me in advance of my decision. Fairness requires that I now give GES the chance to oppose the amendment that I did not give it initially.

To the extent that GES opposes Aarne's amendment because it is untimely (an argument it does not raise in opposition to its co-defendants' motions for leave to amend, filed the same day as Aarne's motion), its argument rests on Rule 16 rather than Rule 15, and is plainly without merit. DE 60; *see* Fed. R. Civ. P. 16. Aarne filed its motion to amend on March 28, 2007, three

days before the time to do so had elapsed.  *See* DE 52; DE 54.  Its application was therefore timely.

The issue thus reduces to whether Aarne's amendment is consistent with the permissive standard of Rule 15 (which governs the amendment of pleadings) and Rule 21 (which governs the addition of parties under the same standard).  As a general matter, a court should "freely" permit a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a).  Where the amendment is meritless, however, the court should refuse to allow it.  *SCS Communications, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Specifically, an amendment that would add parties and assert new claims against them will be deemed futile – and as such impermissible – only if the claims could not withstand a motion to dismiss under Rule 12(b)(6).  *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).  GES has presented no legal basis for its contention that certain of the claims asserted against CMP are futile; indeed, during a telephone conference on April 16, 2007, its counsel conceded that its defense to at least one of Aarne's claims against CMP is primarily a factual one.  In such circumstances, it is plain that Aarne must be permitted to join CMP for purposes of asserting at least one cause of action.  *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (dispute about underlying facts could have precluded the court's finding the amendment futile).

The parties agree that the addition of CMP as a defendant renders the parties non-diverse, and therefore divests this court of jurisdiction.  As a result, they agree that the case must be remanded to state court.  Moreover, because they agree in that regard, I need not pass on the viability of each new cause of action that Aarne asserts against CMP in the amended complaint –

the viability of one such cause of action is sufficient to require the remand and moots the remainder of GES's application.[1]

The case must accordingly be remanded to the Supreme Court of New York, Richmond County.  For reasons I have explained elsewhere, I conclude that I have the requisite authority to enter the order of remand.  *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).  Such an order normally "is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  However, I will stay the order of remand for a sufficient time to allow the parties to lodge any objections they may have to this decision with the district judge assigned to this case.  As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A).  The same statutory provision that empowers me to enter such an order also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls.  As a result, a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law.  *See, e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

The parties will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect.  I therefore stay the order of remand *sua sponte* for a period of time sufficient for the parties to file any objections they may have.  Under the pertinent rules, a

---

[1]  The parties' agreement that the case should be remanded obviates consideration of one alternative course of action:  dismissing CMP –  if it is proved to be a dispensable party – under Rule 21.  *See SCS Communications, Inc.*, 360 F.3d at 336-37; Fed. R. Civ. P. 21.

stay until May 7, 2007, will accomplish that purpose.  *See* Fed. R. Civ. P. 72(a) (requiring

objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6(a)

(computation of time); Fed. R. Civ. P. 6(e) (adding three days where party receives service by

electronic filing).

     For the reasons set forth above, I respectfully direct the Clerk to enter an order remanding

this case to the Supreme Court of the State of New York, Richmond County.  In order to afford

the parties sufficient time to file a motion for reconsideration of this order by the assigned district

judge, I stay this order until May 7, 2007.

     **SO ORDERED.**

Dated: Brooklyn, New York
     April 17, 2007

                            /s/ James Orenstein____
                            JAMES ORENSTEIN
                            U.S. Magistrate Judge